IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FLORA PEREZ PEDRAZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-221-KC |
| | § | |
| MARY DE ANDA-YBARRA et al., | § | |
| | § | |
| Respondents. | § | |

### FINAL JUDGMENT

On this day, the Court considered the case. On February 6, 2026, the Court granted in part Flora Perez Pedraza's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide her with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision. Feb. 6, 2026, Order 2, ECF No. 4. Respondents were required to do so by February 13. *Id.*

On February 12, Perez Pedraza filed a Motion to Enforce Judgment ("Motion"), ECF No. 5, seeking an order for her release because an Immigration Judge ("IJ"), at a bond hearing held that day, denied her bond "based on lack of jurisdiction." Mot. 2.

On February 13, Respondents filed an Advisory, ECF No. 8, also informing the Court of the IJ's decision to deny bond for lack of jurisdiction, citing *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). *Id.* ¶ 3. According to Respondents' counsel, they subsequently "contacted the Office of the Principal Legal Advisor (OPLA) for Immigration and Customs Enforcement for its position on the matter" and "OPLA recommended to

enforcement operations that Petitioner should be released." *Id.* ¶ 2.  However, as of February 13 at "4:00pm CST, the Petitioner is still detained."  *Id.*

On February 17, the Court thus ordered Respondents to file notice stating whether Perez Pedraza had in fact been released.  Feb. 17, 2026, Order 2, ECF No. 9.  Respondents have now informed the Court that "[o]n February 13, 2026, the [P]etitioner was released from ICE custody."  Status Report 1, ECF No. 10.  Accordingly, Perez Pedraza's Motion is now moot.

It appears that the only remaining matter to be resolved in this case is Adjavon's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  *See* Pet. 28, ECF No. 1; *see generally* Feb. 17, 2026, Order; Feb. 6, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, Perez Pedraza's Motion, ECF No. 5, is **DENIED** as moot.

**The Clerk shall close the case**.  To the extent Perez Pedraza wishes to seek additional relief from the Court, she may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 19th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE